IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| SHEET METAL WORKERS LOCAL 218 HEALTH & WELFARE FUND, SHEET METAL, WORKERS LOCAL 218 PENSION FUND, SHEET METAL WORKERS LOCAL 218 APPRENTICESHIP FUND, SHEET METAL WORKERS LOCAL 218 FRINGE BENEFIT FUNDS, SHEET METALWORKERS LOCAL 218 INDUSTRY FUND and SHEET METAL WORKERS LOCAL #218,<br><br>        Plaintiffs,<br><br>   v.<br><br>ADVANCED METALCON & ASSOC. CORP.,<br><br>        Defendant. | Case No. 06-CV-3239 |

## ANSWER & AFFIRMATIVE DEFENSES TO COMPLAINT

NOW COMES the Defendant, ADVANCED METALCON ASSOC. CORP. (the "Defendant"), by and through its attorneys, Askounis & Borst, P.C., and for its Answer to SHEET METALWORKERS LOCAL 218 HEALTH & WELFARE FUND, SHEET METAL, WORKERS LOCAL 218 PENSION FUND, SHEET METAL WORKERS LOCAL 218 APPRENTICESHIP FUND, SHEET METAL WORKERS LOCAL 218 FRINGE BENEFIT FUNDS, SHEET METAL WORKERS LOCAL 218 INDUSTRY FUND and SHEET METAL WORKERS LOCAL #218's (collectively the "Plaintiffs") Complaint, states as follows:

    1.    This action arises under the Employee Retirement Income Security Act of 1974, as amended U.S.C. Title 29, Section 1145.

**ANSWER:**

Defendant is without sufficient knowledge to admit or deny the allegations contained within paragraph one and therefore denies the same in their entirety.

2.     The Plaintiff Funds are employee benefit funds administered pursuant to the terms and provisions of the Declarations of Trusts creating said Funds as are required to be maintained and administered in accordance with the provisions of the Labor Management Relations Act of 1947 (as amended), and the Employee Retirement Income Security Act of 1974 (ERISA), (as amended), 29 U.S.C. §1001 <u>et seq</u> and other applicable State and Federal Laws. The address of the Plaintiff Funds is Sheet Metal Workers Local #218 Fringe Benefit Funds, 2855 Via Verde, Springfield, Illinois.

**ANSWER:**

Defendant is without sufficient knowledge to admit or deny the allegations contained within paragraph two and therefore denies the same in their entirety.

3.     That the Defendant is an Employer engaged in an industry within the meaning of ERISA, 29 U.S.C. Sections 1002(5), (11), (12) and (14). Defendant employs individuals who are members of, and represented by, Sheet Metal Workers Local 218, a local labor organization, and has agreed to provide participation in the Plaintiff Funds, so as to provide for benefits for employees of Defendant.

**ANSWER:**

Defendant denies that it is an "employer" within the meaning of 29 U.S.C. § 1002 *et. seq*.

Defendant denies that it currently "employs individuals who are members of, and represented by, Sheet Metal Workers Local 218." Defendant denies that it "has agreed to provide participation in the Plaintiff Funds, so as to provide for benefits for employees of Defendant."

4. The Defendant's address is 5400 Fieldstone Way, Johnsburg, Illinois 60050.

**ANSWER:**

Defendant admits the allegations contained within paragraph four.

5. The Defendant is bound by a collective bargaining agreement with SHEET METAL WORKERS LOCAL 218 which provides for participation in the various Plaintiff Funds as shown by Plaintiffs' **Exhibit A** attached hereto in pertinent part and made a part hereof.

**ANSWER:**

Defendant denies the allegations contained within paragraph five.

6. Pursuant to ERISA (U.S.C. Title 29, Section 1145), the Defendant is required to make contributions to Plaintiffs in accordance with the terms and conditions of the Plaintiffs' Agreements and Declarations of Trust, and to pay liquidated damages in the event said contributions are not timely made. The Trust Agreement in pertinent part is attached hereto and made a part hereof as **Exhibit B**.

**ANSWER:**

Defendant denies the allegations contained within paragraph six.

7.    That Defendant has repeatedly refused to submit payments for contributions and the applicable liquidated damages as a consequence of late payments for the period of December 2005 and January 2006 in the amount of $27,386.12, a copy of the report forms submitted by Defendant are attached hereto as **Exhibit C**.

**ANSWER:**

Defendant admits only that it has not made any payments to Plaintiffs. Defendant denies all other allegations contained within paragraph seven.

8.    That despite Defendant's obligations under the Collective Bargaining Agreement to make contributions to the Fund, Defendant has failed to submit the contribution reporting forms for the period of February 2006 through current; all of which are in violation of it's duties under the Collective Bargaining Agreement and Declaration of Trust to which the Defendant is bound.

**ANSWER:**

Defendant admits only that it did not submit contribution reporting forms for the period between February, 2006 and the present. Defendant denies all remaining allegations contained within paragraph eight.

9.    That Plaintiffs have made demands upon Defendant for the delinquent contributions and late fees due, but Defendant has refused to satisfy said demands. The demands are attached hereto and made a part hereof as **Exhibit D**.

**ANSWER:**

Defendant admits that it received the letter attached to the Complaint as Exhibit D.

10. That pursuant ERISA, 29 U.S.C. §1132(g)(2), and to the terms of the Agreement and Declaration of Trust (**Exhibit B**), the Defendant is liable for reasonable attorney fees and court costs and all other reasonable expenses incurred by Plaintiffs in the collection of delinquent contributions and liquidated damages.

**ANSWER:**

Defendant denies the allegations contained within paragraph ten.

11. Attached hereto and incorporated herein as **Exhibit E** is the Affidavit of Britt W. Sowle in support of his request for attorney fees in the amount of $1,210.65, incurred in the prosecution of this matter.

**ANSWER:**

Defendant is without sufficient knowledge to admit or deny the allegations contained within paragraph twelve and therefore denies the same in their entirety.

## AFFIRMATIVE DEFENSES

1. Plaintiff lacks standing to maintain this action against Defendant.
2. Plaintiff fails to state a claim upon which relief can be granted.
3. Venue is improper pursuant to 28 U.S.C. § 1391(b).

ADVANCED METALCON & ASSOC. CORP.,

By:    s/Vincent T. Borst
       Vincent T. Borst, Esq. (lead counsel)
       Christian J. Jorgensen, Esq.
       Askounis & Borst, P.C.
       Two Prudential Plaza
       180 North Stetson Ave., Suite 3400
       Chicago, IL 60601
       (312) 861-7100
       (312) 861-0022 (facsimile)
       vborst@askborst.com
       cjorgensen@askborst.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2006, I electronically filed the foregoing **Answer and Affirmative Defenses to Complaint** with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following CM/ECF participant: Britt W. Sowle, Cavanagh & O'Hara, 1609 North Illinois Street, Swansea, Illinois 62226.

s/ Vincent T. Borst